July 3, 1942

**No. 47358.—**—Protests 4548–K, etc., of International Novelty Import Co. et al. Plaintiffs' application for rehearing granted.

**No. 47359.—**—Protests 679006–G, etc., of J. G. Braun Co., Inc. Plaintiff's application for rehearing granted.

**No. 47360.—**—Protests 984317–G, etc., of American Merchandise Co., Inc. Plaintiff's application for rehearing granted.

**No. 47361.—**—Protest 21534–K of F. Pavel & Co. C. D. 633. Motion of Government for rehearing denied.

**No. 47362.—**—Protests 14593–K, etc., of American Merchandise Co., Inc., et al. Plaintiffs' application for rehearing granted.

BEFORE THE SECOND DIVISION, JULY 8, 1942

**No. 47363.—**Protests 72226–K, etc., of Associated Merchandising Corp. et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JULY 8, 1942

**No. 47364.—**Protests 985723–G, etc., of Joseph Fischer et al. (New York).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, JULY 10, 1942

**No. 47365.—**Protests 1494–K, etc., of M. V. Jenkins (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47366.—**Protests 1506–K, etc., of Border Brokerage Co., Inc. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held

that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47367.**—Protest 10267–K of M. A. Hoenecke (Minneapolis).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protest sustained to this extent.

**No. 47368.**—Protests 13432–K, etc., of Border Brokerage Co. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47369.**—Protests 14147–K, etc., of Union Brokerage Co. (Pembina).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47370.**—Protests 17331–K, etc., of F. W. Myers & Co., Inc. (Ogdensburg).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47371.**—Protests 37697–K, etc., of Border Brokerage Co., Inc. (Seattle).